IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Terrence T. Haggins (aka Terrence Tiran Haggins), | Case No: 4:05-1212-HMH-TER |
| Plaintiff, | |
| v. | |
| South Carolina Department of Corrections; Warden of Perry Richard Bazler; PCI Major Suewill; Cpt. Gore; Sgt. Early PCI; Ofc. Degorgous PCI; PCI. Mental Health Counsel Ms. Fashanue; KCI GPH Counsel Mr. James G. Lawson; LIC. Warden A. J. Padula; LCI. Major Hughes; LCI Case Worker Ms. Reams; LCI. Plt. Ms. MacDaniel; LCI. Sgt. Ms. Davis; LCI. Sgt. Jambard; LCI. Law Library Ms. Jameson; LCI. Ofc. H. Johnson; LCI. Ofc. Evans; LCI. Ofc. Miller; LCI. Cpl Richburg; LCI. Ofc. Jackson; Lee CI Mail Room Ms. Richardson; PCI Medical Nurse Enlow; Lee CI. Medical Nurse Ms. Gillum; Lee CI Nurse Ms. Owens; and KCI. Doctor Cusack of GPH, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Terence T. Haggins ("plaintiff/Haggins"), filed this action under 42 U.S.C. § 1983[1] on April 25, 2005. Plaintiff filed an Amended Complaint on July 27, 2005. At all times relevant to the allegations in the plaintiff's complaint, he was an inmate with the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that his constitutional rights were violated. The defendants filed an answer to the amended complaint on September 2, 2005. On November 1, 2005, the defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and affidavits in support of that motion (doc. #55 & #56). Because the plaintiff is proceeding pro se, he was advised on or about November 2, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response on December 2, 2005.

Plaintiff filed a motion for summary judgment on September 6. 2005. Defendants filed a response in opposition on October 26, 2005.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

2

The plaintiff alleges cruel and unusual punishment, deliberate indifference to a risk of harm, deliberate indifference to serious medical needs, Due Process violation (Equal Protection), and a violation of access to courts.

In the amended complaint, plaintiff state that he is suing the officials in their individual and personal capacity for the amount of Three Hundred ($300,000.00) thousand Dollars. (Amended complaint).

The defendants filed a motion for summary judgment with supporting memorandum and affidavits on November 1, 2005. The defendants argue that their motion for summary judgment should be granted for the following reasons, quoted verbatim:

1. Plaintiff's claims are barred by 42 U.S.C. §1997(e)a.

2. Plaintiff fails to state a claim or cause of action.

3. Defendants are entitled to Eleventh Amendment Immunity.

4. Defendants are entitled to Qualified Immunity.

5. The principle of Respondeat Superior does not apply.

(Defendants' memorandum).

## B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

3

pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

### C.  42 U.S.C. §1997e

Defendants argue that plaintiff initially filed a lawsuit under 42 U.S.C. §1983 in this Court in October 2004, 4:04-22329-20BH, alleging facts essentially identical to a number of his allegations in this case. Defendants assert that this action is simply a reiteration of those claims, as well, as

4

additional allegations occurring after he filed 04-22329-20BH. Defendants argue that the Prison Litigation Reform Act applies to both cases. Thus, defendants argue that as to plaintiff's allegations arising after C.A. No.: 4-04-22329-20BH was filed, should be dismissed for the reasons stated in this Court's Report and Recommendation for that case. Specifically, defendants contend that plaintiff has failed to exhaust his administrative remedies by filing both Step 1 and Step 2 grievances.

Defendants cited the case of Johnson v. Meadows, 418 F.3d 1152 (11 Cir. 2005) to support their position. In Meadows, the plaintiff filed an out-of-time grievance in an attempt to satisfy the exhaustion requirement. After his departmental appeal was denied as untimely, the plaintiff filed another federal lawsuit reiterating his prior claims. The Eleventh Circuit reversed the district court, dismissing plaintiff's lawsuit with prejudice as procedurally barred because he failed to timely exhaust his administrative remedies. Defendants assert that the Court noted that if they were to accept the filing of an untimely grievance as exhausting administrative remedies, inmates could ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance.

Defendants argue that as to the allegations originally asserted in C.A. No. 4-04-22329-20BH, such action should be dismissed for the reasons discussed in Meadows. Defendants assert that plaintiff should not be allowed to skirt the clear requirements of the PLRA, as well as SCDC's grievance procedure, of which he is clearly aware, by filing a series of aborted grievances and letters to staff member, and simply to declare that the administrative process has been exhausted. Therefore, defendants argue that this action should be dismissed in accordance with the Report and Recommendation from 04-22329-20BH and with the Meadows case.

Plaintiff's claims should be dismissed because he has failed to exhaust his administrative

5

remedies as required by 42 U.S.C. § 1997e.  In enacting the Prison Litigation Reform Act of 1996[2] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit.  The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions[3] under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id. § 1997e(a).  Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process.[4]  The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002);  Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though

---

[2] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

[3] The PLRA does not define the term "prison conditions" for use in § 1997e.  The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2).  *See* Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim).  The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population."  Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).  Both of these definitions encompass Plaintiff's claims herein.

[4] In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2).  *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).  Requiring Plaintiff to proceed in the SCDC administrative process before pursuing any federal remedies he may have provides him with an opportunity to prevail within the SCDC system that will be lost if the federal court proceeds without requiring that state remedies be exhausted.

plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718  (7th Cir.  2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step 1 grievance about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains.  The Warden will respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance.  If the inmate is not satisfied with the Warden's response, he or she must  file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden.  A responsible official will have *sixty (60) days* to respond to the Step 2 grievance.  The decision of the "responsible official" who answers Step 2 is SCDC's final response in the matter. Only after completing both Steps in the SCDC grievance process may an inmate properly file an "exhausted" section 1983 action in federal court.  *See* 42 U.S.C. § 1997e.

In the decision of Booth v. Churner, 531 U.S. 956 (2001), a state prisoner brought a § 1983 action alleging use of excessive force by prison guards in violation of Eighth Amendment. The United States Supreme Court held that the Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action.

Defendants assert that plaintiff incorrectly characterizes his complaints to numerous SCDC

officials as sufficient to exhaust his administrative remedies. However, defendants argue that the SCDC has a specific procedure for exhaustion and that plaintiff is aware of the procedure which he has used through exhaustion in some instances. Defendants refer to the affidavit of Anthony Padula who attests that he is employed by the State of South Carolina and the SCDC holding the position of Warden at Lee Corrections Institution since 2004. (Doc. #52-10). In his affidavit, Padula attests that plaintiff filed grievances which were properly denied. Attached to the exhibit is a copy of Inmate Grievance Form Step 2 which was denied in September 2005, and a copy of a Step 1 Grievance Form which was denied in March 2005.

In his response, plaintiff has attached copies of grievances he filed, both Step One and Step Two, but has not provided any evidence or allegations that he appealed those decisions. Plaintiff has asserted that he attempted to exhaust but the process was obstructed by the officials.

The undersigned has reviewed the arguments, case law cited, and the exhibits presented and concludes that the defendants are correct that the plaintiff failed to exhaust his administrative remedies. On February 26, 2002, the United States Supreme Court held that the Prison Litigation Reform Act (PLRA) requires exhaustion of administrative remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, supra. In Al-Shabazz v. State, 527 S.E. 2d 742 (S.C. 2002), the South carolina Supreme Court determined that an inmate may seek review of administrative or noncollateral matters under the South Carolina Administrative Procedures Act (APA). The Supreme Court noted that there exist established disciplinary and grievance procedures that result in a final decision by SCDC. The manner of reviewing those decisions, however, had been unsettled. The Supreme court concluded that, because SCDC is an agency for purposes of the APA,

"the most practical and obvious solution is that SCDC's final decisions, like those of other agencies, a re subject to review pursuant to the APA." Id. at 752. Thus, an inmate may file and serve a notice of appeal of an SCDC final decision to an administrative law judge within thirty days from receipt of written notice of the decision. It does not appear that plaintiff has accomplished this step of the procedure. Even though plaintiff has alleged that he raised his complaints to several staff officers, this is not sufficient to exhaust his administrative remedies. Therefore, the undersigned recommends that summary judgment be granted in favor of the defendants.

### III. CONCLUSION

Based on the above reasons, it is RECOMMENDED that defendants' motion for summary judgment (doc. # 55) be GRANTED, but only to the extent that this action be dismissed without prejudice to allow plaintiff to exhaust his administrative remedies. Further,

It is RECOMMENDED that the motion filed by the plaintiff for summary judgment be DENIED and all other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 21, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina  29503