IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Terrence T. Haggins (aka Terrence Tiran Haggins), | ) ) ) |
| | C.A. No. 4:05-1212-HMH-TER |
| Plaintiff, | ) ) **OPINION & ORDER** |
| vs. | ) ) ) |
| South Carolina Department of Corrections; Warden of Perry Richard Bazler; PCI Major Suewill; Cpt. Gore; Sgt. Early PCI; Ofc. Degorgous PCI; PCI. Mental Health Counsel Ms. Fashanue; KCI GPH Counsel Mr. James G. Lawson; LIC. Warden A. J. Padula; LCI. Major Hughes; LCI Case Worker Ms. Reams; LCI. Plt. Ms. MacDaniel; LCI. Sgt. Ms. Davis; LCI. Sgt. Jambard; LCI. Law Library Ms. Jameson; LCI. Ofc. H. Johnson; LCI. Ofc. Evans; LCI. Ofc. Miller; LCI. Cpl Richburg; LCI. Ofc. Jackson; Lee CI Mail Room Ms. Richardson; PCI Medical Nurse Enlow; Lee CI. Medical Nurse Ms. Gillum; Lee CI Nurse Ms. Owens; and KCI. Doctor Cusack of GPH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local

1

Civil Rule 73.02 of the District of South Carolina.[1] Terrence T. Haggins ("Haggins"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court adopts Magistrate Judge Rogers' Report and recommendation to grant the Defendants' motion for summary judgment, deny Haggins' motion for summary judgment, and dismiss the remaining pending motions as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his amended complaint, Haggins alleges cruel and unusual punishment, deliberate indifference to a risk of harm, deliberate indifference to his serious medical needs, a Due Process violation, and a violation of his right to court access. The Defendants moved for summary judgment arguing that Haggins failed to exhaust his administrative remedies and his claims fail on the merits. Haggins also filed a motion for summary judgment on his claims. In addition to the pending motions for summary judgment, the Defendants have moved to stay discovery, and Haggins has filed several motions including a motion requesting the courts to order a physical and mental examination, a motion to stay discovery, a motion for discovery, a motion to obtain the addresses and cell numbers of witnesses, and a motion to amend the amended complaint.

Magistrate Judge Rogers recommends granting the Defendants' motion for summary judgment, "but only to the extent that this action be dismissed without prejudice to allow

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

[Haggins] to exhaust his administrative remedies." (Report and Recommendation 9.) Further, Magistrate Judge Rogers recommends denying Haggins' motion for summary judgment and deeming the remaining pending motions moot. (Id.)

## II. LEGAL DISCUSSION

Haggins filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Haggins objects to the Magistrate Judge's recommendation to grant the Defendants' motion for summary judgment on the grounds that Haggins has failed to exhaust his administrative remedies. Haggins alleges that he has exhausted his administrative remedies because "officials of SCDC (South Carolina Department of Corrections) obstructed his exhaustion of administrative remedies by intentionally throwing away 31 grievances as total which were denied by wardens of each institutions, Perry C.I. and Lee C.I." (Objections 1-2.)

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In Porter v. Nussle, the United States Supreme Court held that "the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). However, the exhaustion requirement is an affirmative defense which the defendants have the burden to plead and prove. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

"[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). Although the Defendants have the burden to plead and prove exhaustion, Haggins must at least present some evidence that he has exhausted his administrative remedies sufficient to give rise to a genuine issue of material fact in order to survive summary judgment. Cf. Bunch v. Shalala, No. 94-2269, 1995 WL 564385, at *8-9 (4th Cir. Sept. 25, 1995) (unpublished)[2] (finding, in an action under the Aged Discrimination in Employment Act, that although the defendant had the burden to plead and prove the affirmative defense of exhaustion, the plaintiff must raise a genuine issue of material fact to survive summary judgment); Brinkley v. Harbour Recreation Club, 180 F.3d 598, 614 (4th Cir. 1999) ("When the defendant produces . . . evidence supporting its affirmative defense, the burden of production shifts back to the plaintiff who must come forward with specific facts showing that there is a genuine issue for trial." (Internal quotation marks omitted)), abrogation on other grounds recognized by Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277

---

[2]The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned case is relevant and appropriate.

(4th Cir. 2004).  At the summary judgment stage, mere allegations or denials are insufficient to survive summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Defendants have produced evidence that Haggins failed to exhaust his administrative remedies "by filing both Step 1 and Step 2 grievances" as required by the South Carolina Department of Corrections ("SCDC") grievance policy.  (Report and Recommendation 5.); (Defs.' Mem. Supp. Summ. J. 5-8).  Moreover, Haggins admitted in response to the court's special interrogatories that he did not complete step 2 of the SCDC grievance policy.  (Answers to Special Interrogatories 4 & 6.)  In addition, in his objections, Haggins does not dispute the Magistrate Judge's finding that Haggins failed to file both Step 1 and Step 2 grievances under the SCDC grievance procedure.  Instead, Haggins alleges that the Defendants have obstructed his ability to exhaust his remedies by throwing away his grievances.

In support of this allegation, Haggins cites "Plaintiff's Exhibits #22."  (Objections 2.) There are two documents attached to Haggins' memorandum in opposition to the Defendants' summary judgment motion, both labeled exhibit 22.  However, neither document constitutes evidence in support of Haggins' allegation that the Defendants obstructed his ability to exhaust his administrative remedies.  The first document is a "South Carolina Department of Corrections Request to Staff" form dated September 20, 2004, in which Haggins requests a copy of a grievance that he "sent out" on August 9, 2004, with "two request forms and two ICC review forms" attached to the grievance.  (Pl.'s Mem. Opp'n Defs.' Summ. J. Ex. 22 (Request to Staff).)  The staff member's response, which is on the same form, requested more specific information from Haggins because he had filed eighteen grievances between May 2004 and August 2004.  (Id.)  This document does not support Haggins' claim that the Defendants have

"obstructed" Haggins from exhausting his administrative remedies. In fact, it supports the argument that the grievance process has been available to Haggins and that he has frequently utilized it.

The second document is an incident report documenting an incident that occurred on December 15, 2004, when Haggins was taken to an office to sign 13 grievances. (Id. Ex. 22 (Incident Report).) The incident report indicates that D. Mitchell ("Mitchell") presented Haggins with two grievances to sign and Haggins began to "stall and waste time in signing the papers." (Id.) According to the report, Mitchell instructed Haggins concerning the grievance serving process, whereupon Haggins became loud and threatening. (Pl.'s Mem. Opp'n Defs.' Summ. J. Ex. 22 (Incident Report).) The report states that Mitchell instructed Haggins to sign and date the grievances. (Id.) Haggins responded by throwing his pen and papers, striking Mitchell in the shoulder. (Id.) Haggins was restrained from further violence and charged with "threatening to inflict harm/assaulting an employee and/or members of the public." (Id.) After review, the report does not constitute evidence in support of Haggins' claim that the grievances were disposed of or destroyed.

Haggins also alleges in his objections that Mitchell later told him that "all of his grievances had been disposed of." (Objections 2.) However, at this stage, Haggins cannot rest on mere allegations to survive summary judgment on the Defendants' affirmative defense of failure to exhaust. Anderson, 477 U.S. at 248; Fed. R. Civ. P. 56(e). In sum, Haggins has failed to produce evidence which creates a genuine issue of material fact. Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 55, is granted, and this action is dismissed without prejudice to allow Haggins to exhaust his administrative remedies. It is further

**ORDERED** that Haggins' motion for summary judgment, docket number 29, is denied. It is further

**ORDERED** that Haggins' motion requesting the courts to order a physical and mental examination, docket number 69; the Defendants' motion to stay discovery, docket number 57; Haggins' motion to stay discovery, docket number 81; Haggins' motion for discovery, docket number 76; Haggins' motion to obtain the address and cell number of witnesses, docket number 85; and Haggins' motion to amend the amended complaint, docket number 74, are dismissed as moot.

**IT IS SO ORDERED**.


                                                   s/Henry M. Herlong, Jr.
                                                   United States District Judge

Greenville, South Carolina
July 24, 2006